**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **CENTRAL BANK OF THE MIDWEST,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**NUETERRA CAPITAL, LLC**<br>**11221 Roe Avenue**<br>**Leawood, KS 66211**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Civil Case No.** 2:22-cv-2218 |

**VERIFIED COMPLAINT**

Plaintiff, Central Bank of the Midwest ("**Central Bank**"), by and through its undersigned counsel, for its Verified Complaint, respectfully states as follows:

**The Parties, Jurisdiction, and Venue**

1. Central Bank is a Missouri state-chartered bank. Central Bank is a subsidiary of Central Bancompany, which is a privately held bank. Central Bank's principal place of business is 609 North 291 Highway, Lee's Summit, MO 64086. For citizenship purposes, Central Bank is a citizen of the state of Missouri. *See* 28 U.S.C. §1332(c)(1); *see also Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

2. Nueterra Capital, LLC ("**Nueterra Capital**") is a Kansas limited liability company. Upon information and belief, the members of Nueterra Capital are Mayhew Properties, LLC ("**Mayhew**") and Tasset Family, LLC ("**Tasset**").

3. Upon information and belief, the members of Mayhew are Brenton Lee Mayhew, who is a citizen of the state of Nevada, Jesse Neal Mayhew, who is a citizen of the state of Kansas, and Lenise Elisabeth Marx, who is a citizen of the state of Kansas. Thus, Mayhew is a citizen of both the state of Nevada and the state of Kansas.

4. Upon information and belief, the members of Tasset are Brandon S. Tasset, Travis W. Tasset, Landon R. Tasset, Mason A. Tasset, and Jeremy D. Tasset, who are all citizens of the state of Kansas. Thus, Tasset is a citizen of the state of Kansas.

5. Based on the foregoing, upon information and belief Nueterra Capital is a citizen of the states of Nevada and Kansas. *See Tilzer v. Davis, Bethune & Jones, LLC and Davis*, 2004 WL 825289, at *2 (D. Kan. 2004)

6. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to Central Bank's claims occurred in this district and the defendants are subject to the Court's personal jurisdiction with respect to this action in this district. The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area which is contained within the venue in which this matter is filed.

7. Jurisdiction is proper as there is complete diversity of citizenship between the parties to this action as required by 28 U.S.C. § 1332(a).

8. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**The Loan and Guaranty**

9. On March 10, 2021, non-parties Noble Health Audrain Inc. and Noble Health Real Estate II LLC (collectively, the "**Borrowers**") and Central Bank entered into a Loan Agreement (the "**Loan Agreement**") pursuant to which Borrowers requested and Central Bank agreed to loan the amount of $9,600,000.00 to fund the Borrowers' purchase of a hospital and related real estate assets and practices. A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A** and is incorporated herein by this reference.

10. On March 10, 2021, in conjunction with the Loan Agreement, Borrowers executed a Promissory Note in the original principal amount of $9,600,000.00 (the "**Note**") in favor of Central Bank through which Borrowers agreed to repay the amounts loaned to them by Central Bank pursuant to the Loan Agreement. A true and correct copy of the Note is attached hereto as **Exhibit B** and is incorporated herein by this reference.

11. On March 10, 2021, in connection with and to induce Central Bank to enter into the Loan Agreement and to loan to the Borrowers pursuant thereto, Nueterra Capital executed a Loan Guaranty Agreement (the "**Guaranty**") whereby it unconditionally and absolutely guaranteed the prompt payment and performance of the Borrowers' obligations under the Loan Agreement and Note. A true and correct copy of the Guaranty is attached hereto as **Exhibit C** and is incorporated by this reference.

12. As of June 8, 2022, the amounts owed under the Loan Agreement are $7,814,677.74 in principal, accrued interest in the amount of $121,060.55, plus interest thereafter at the per diem rate of $1,714.89 until paid in full (together with all other amounts owed pursuant to the Loan Agreement, the "**Debt**").

**Default**

13. The Borrowers are in default under the Loan Agreement for their failure to pay the amounts due.

14. On April 18, 2022, Central Bank delivered to the Borrowers and Nueterra Capital a Notice of Default, Acceleration and Demand for Payment (the "**Default Notice**"), but despite receipt of same the Borrowers and Nueterra Capital have failed and refused to pay Central Bank. A true and correct copy of the Default Notice is attached hereto as **Exhibit D** and is incorporated by this reference.

15. Pursuant to the Loan Agreement, the Borrowers agreed to pay all costs of collection, including reasonable attorneys' fees and court costs together with interest at the default rate if they failed to timely pay their obligations under the Loan Agreement and Note.

16. Pursuant to the Guaranty, Nueterra Capital agreed to unconditionally and absolutely guarantee the prompt payment and performance of Borrowers obligations under the Loan Agreement and Note.

17. Central Bank has incurred, and will continue to incur, attorneys' fees, court costs, and additional interest until the total amounts owed pursuant to the Loan Agreement and Note, including fees and costs, are paid in full, which Nueterra Capital is obligated to pay pursuant to the Guaranty.

**COUNT I**
**(Breach of Contract - Guaranty)**

18. Central Bank restates and incorporates each and every allegation contained in paragraphs 1 through 17 as if fully set forth herein.

19. Through the Guaranty, Nueterra Capital absolutely and unconditionally guaranteed the payment of the Debt by Borrowers, without notice or demand by Central Bank.

20. Borrowers have defaulted on their obligations under the Loan Agreement by failing to pay the Debt when due.

21. As a result of the aforementioned default by Borrowers, Nueterra Capital is obligated to pay the amounts owed to Central Bank as a result of the Guaranty. However, Nueterra Capital has failed and refused to pay the amounts owed.

WHEREFORE, Plaintiff Central Bank Central Bank of the Midwest prays for a judgment on Count I in its favor and against Nueterra Capital, LLC, in the principal amount through June 8,

2022 of $7,814,677.74 in principal, accrued interest in the amount of $121,060.55, plus interest thereafter at the per diem rate of $1,714.89 until paid in full, plus its attorneys' fees, costs, and other expenses incurred, together with such other and further relief as shall be just and equitable.

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff Central Bank of the Midwest hereby designates the place of trial in the above action to be Kansas City, Kansas.

Dated: June 9, 2022

Respectfully submitted,

LATHROP GPM LLP

By: */s/ Brian M Holland*

Brian M. Holland KS #19989
Benjamin C. Struby KS #22243
2345 Grand Boulevard Suite 2800
Kansas City, MO 64108
Tel. (816) 292-2000
Fax. (816) 292-2001
brian.holland@lathropgpm.com
benjamin.struby@lathropgpm.com

**ATTORNEYS FOR PLAINTIFF**

**VERIFICATION**

I, the undersigned, Tony Justin am a Senior Vice President and Director of Special Assets of Central Bank of the Midwest. In that capacity, I have personal knowledge of the facts set forth in the attached Verified Complaint. I have reviewed the allegations of fact set forth above in the Verified Complaint and hereby verify under penalty of perjury that the forgoing is true and correct. Executed on June 9, 2022.

Central Bank of the Midwest

[signature], SVP
By: Tony Justin
Its: Senior Vice President and Director of Special Assets

STATE OF MISSOURI )
) ss.
COUNTY OF JACKSON )

On this 9th day of June, 2022, before me, a Notary Public in and for said state, personally appeared Tony Justin, who stated that he is the Senior Vice President and Director of Special Assets of Central Bank of the Midwest, known to me to be the person who executed the within instrument on behalf of said Central Bank of the Midwest and acknowledged to me that he executed the same for the purposes therein stated.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official, the day and year last above written.

[signature]
Notary Public in and for said County and State

JILL H SMITH
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES SEPTEMBER 1, 2025
CASS COUNTY
COMMISSION #11710442

Jill H. Smith
(Type, print or stamp the Notary's name below his or her signature)

My Commission Expires:
9-01-2025