IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CENTRAL BANK OF THE MIDWEST,

    Plaintiff,

v.                                                                               Case No. 22-2218-JWB

NUETERRA CAPITAL, LLC,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on Nueterra Capital, LLC's ("Nueterra") motion for reconsideration. (Doc. 65.) Third-party defendant, Platinum Medical Management, Inc. ("Platinum"), has not responded nor entered an appearance. The motion is ready for decision. For the reasons stated herein, the motion is DENIED. However, the court clarifies that its previous ruling (Doc. 60) denied Nueterra's motion for default judgment without prejudice to refiling if Nueterra can demonstrate that this court has personal jurisdiction over Platinum.

**I.**     **Background**

Central Bank of the Midwest ("Central Bank") filed this breach of guaranty action against Nueterra on June 9, 2022, related to a guaranty Nueterra executed for a property in Missouri. (Doc. 1.) Nueterra filed its third-party complaint against Platinum on August 17, 2022, seeking Platinum's intervention as Nueterra contends that Platinum agreed to indemnify Nueterra. (Doc. 17.) Central Bank next filed a motion for summary judgment (Doc. 18) and Nueterra filed a motion for default judgment against Platinum (Doc. 48). The court granted Central Bank's motion for summary judgment but denied Nueterra's motion for default judgment because the court concluded it did not have personal jurisdiction over Platinum. (Doc. 60.) The court directed

Central Bank to file a proposed judgment, which it has (Doc. 61), but the court has not yet entered judgment. Nueterra now seeks reconsideration of this court's order declining to enter default judgment against Platinum. (Doc. 65.)

**II.     Standard**

A motion to reconsider a dispositive order must be asserted pursuant to Fed. R. Civ. P. 59(e) or 60. Nueterra cites both Rules 59 and 60 in its motion, recognizing that these rules do not contemplate a motion for reconsideration where there is a dispositive order but no final judgment. (Doc. 65 at 2–3.) But Nueterra also notes that the court may consider a motion for reconsideration because of its inherent power to review interlocutory orders. *Gorenc v. Proverbs*, 447 F. Supp. 3d 1110, 1112–13 (D. Kan. 2020) ("But, the court nonetheless may consider a motion for reconsideration 'based on the court's inherent power to review its interlocutory orders.'") (internal quotation omitted).

"Grounds which justify alteration or amendment under Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice." *Jenny Yoo Collection, Inc. v. Essense of Australia, Inc.*, No. 17-CV-2666-JAR-GEB, 2019 WL 2717167, *2 (D. Kan. June 28, 2019) (citing *Hayes Family Tr. v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017)). A motion to reconsider a prior ruling "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Rezac Livestock Comm. Co., Inc. v. Pinnacle Bank*, No. 15-4958-DDC, 2019 WL 2613179, *9 (D. Kan. June 26, 2019) (quotation omitted). It is appropriate only "where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* (quotation omitted).

**III.     Analysis**

Nueterra argues that the court did not consider whether Platinum had sufficient minimum contacts with Kansas, and thus, that the court erred in denying Nueterra's motion for default judgment for lack of personal jurisdiction. (Doc. 65 at 5–9.) Nueterra alternatively argues that the court should clarify that its denial of the motion for default judgment was without prejudice and grant Nueterra leave to refile the motion with additional jurisdictional facts. (*Id.* at 9–10.)

Nueterra correctly notes that the court considered the Kansas long-arm statute but did not proceed to the constitutional analysis to determine whether Platinum had sufficient minimum contacts with Kansas to allow exercise of personal jurisdiction. (*Id.* at 5.) But the court *could not* consider minimum contacts, as Nueterra had not alleged any facts beyond the allegation that Platinum entered into a contract which was to be performed, at least in part, in Kansas. (*See* Doc. 48 at ¶ 14.) There were simply no other facts alleged which would allow the court to move to that part of the analysis.

Now, in Nueterra's motion to reconsider, Nueterra has set forth numerous facts which would have been helpful to the personal jurisdiction analysis. (Doc. 65 at 3–4.) Nueterra has not explained why these facts were not provided to the court from the outset. And a motion to reconsider is not an appropriate vehicle to ask the court to consider arguments which could have been raised in the original motion but, for unknown reasons, were not. *Rezac Livestock Comm. Co., Inc.*, 2019 WL 2613179 at *9.

However, the court clarifies that its earlier ruling denied Nueterra's motion for default judgment without prejudice to refiling with additional facts to support the court's exercise of personal jurisdiction over Platinum. *See Mantz v. Rapid Res., Inc.*, Case No. 2:21-cv-02484-HLT-ADM, 2022 WL 17716838, at *1 (D. Kan. Sept. 14, 2022) (court denied motion for default judgment without prejudice and allowed party to refile with sufficient facts showing personal

jurisdiction). Nueterra may file a second motion for default judgment if it believes it can allege sufficient facts which allow the court to conclude that it has personal jurisdiction over Platinum.

## IV.	Conclusion

For the reasons stated herein, Nueterra's motion to reconsider (Doc. 65) is DENIED. The court's earlier ruling (Doc. 60) denied Nueterra's motion for default judgment without prejudice to refiling. As such, Nueterra may file a second motion for default judgment within seven days of the entry of this order.

IT IS SO ORDERED this 14th day of April, 2023.


                    ___s/ John W. Broomes_____
                    JOHN W. BROOMES
                    UNITED STATES DISTRICT JUDGE