IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CENTRAL BANK OF THE MIDWEST,<br><br>Plaintiff,<br><br>v.<br><br>NUETERRA CAPITAL, LLC,<br><br>Defendant. | Case No. 2:22- cv-02218-JWB |

MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's motion for attorneys' fees and costs (Doc. 78), and Defendant's motion for attorneys' fees and bill of costs (Docs. 74, 76). The motions are fully briefed (Docs. 74–82) and ripe for decision.[1] The court GRANTS the motions for the reasons stated herein.

I. **Background**

The court has recounted the procedural history for this case in detail in prior orders (Docs. 60, 72), so the court only recounts the facts necessary for deciding the present motions. Additional facts may be included in the analysis for clarity. Defendant Nueterra Capital, LLC ("Nueterra") executed a guaranty for a loan issued by Plaintiff Central Bank of the Midwest ("Central Bank") to borrowers who are not parties to this action. (*Id.* at 2.) The borrowers later defaulted on the $9,600,000 loan. (*Id.*) Thereafter, Third-Party Defendant Platinum Medical Management, Inc. ("Platinum") entered a stock purchase agreement with one of the borrowers and other related entities. (*Id.* at 3.) As part of that agreement, Platinum would indemnify the sellers and any affiliates and guarantors. (*Id.*) But Platinum has failed to indemnify Nueterra. (*Id.* at 4.) The

---

[1] The times for filing responses to the motions have passed, so the motions are ripe.

Court ultimately granted summary judgment for Central Bank (*id.* at 11) and issued judgment against Nueterra in the amount of $8,113,569.14 plus post-judgment interest at $1,627.90 per day until the judgment is paid in full. (Doc. 73 at 1.) The Court also granted default judgment for Nueterra against Platinum for the same amount. (*Id.*) Both Central Bank and Nueterra now seek their reasonable attorneys' fees and costs under Federal Rule of Civil Procedure 54. (Docs. 74–79, 82.)

## II. Standard

Costs other than attorneys' fees should be awarded to a prevailing party unless a federal statute, the federal rules, or a court order provides otherwise. Fed. R. Civ. P. 54(d)(1). A claim for attorneys' fees must generally be by motion and specify the grounds entitling the movant to the award and state the amount of fees sought or a reasonable estimate. *See id.* (d)(2).

## III. Analysis

All motions are unopposed. The Court analyzes Central Bank's motion first.

### A. Central Bank's Motion

Central Bank bases its claim for attorneys' fees and costs on the loan agreement and promissory note executed by the nonparty borrowers and the guaranty for the loan documents signed by Nueterra. (Doc. 78 ¶ 6.) Central Bank requests $658,807.00 in attorneys' fees and $7,025.97 in costs. (*Id.*)

The loan agreement provides the following:

> All costs, expenses and liabilities incurred by [Central Bank] in collecting or in attempting to collect on the Note, and all reasonable attorneys' fees incurred in connection with such matters shall constitute a demand obligation of Borrower and shall bear interest from the date of expenditure until paid at the Default Rate, but not exceeding the maximum rate allowed by law.

Doc. 1-1 at 15. And the promissory note provides the following:

> Borrower and each surety, endorser and guarantor hereof, jointly and severally, agree that if this Note is not paid promptly in accordance with its terms and is placed in the hands of an attorney for collection or if suit be instituted hereon or to foreclose the Mortgage given as security herefor and as often as this Note is placed in the hands of the attorney for collection and as often as suit is filed to collect this Note, they, and each of them, shall, subject to any limitations set forth in such guaranty, pay, in addition to the unpaid principal balance hereof and all accrued and unpaid interest due hereon, all costs of collection, including, without limitation, reasonable attorney's fees. Notwithstanding the foregoing, in case suit be brought because of any matter set forth in or arising out of this Note, the prevailing party shall be entitled to recover all expenses incurred therefor, including reasonable attorney's fees.

Doc. 1-2 at 5. Finally, the guaranty signed by Nueterra reads as follows:

> Guarantor hereby unconditionally and irrevocably guarantees (i) the prompt payment of all sums which may become payable by Borrower under the Loan Documents, in full and when due in accordance with the provisions thereof, and (ii) any and all other obligations of Borrower under the Loan Documents (collectively, the "Liabilities"). This Guaranty is irrevocable, unconditional and absolute. . . . Guarantor also agrees to pay to Lender such further reasonable and actual amounts as shall be sufficient to cover the cost and expense actually incurred in collecting any sums payable under the Loan Documents, or any part thereof, or in otherwise enforcing this Guaranty, including reasonable attorneys' fees and disbursements. This Guaranty is a guaranty of payment and performance and not of collection.

Doc. 1-3 at 2–3.

Missouri law governs the guaranty and loan agreements, (*id.* at 5; Doc. 1-2 at 4; Doc. 1-1 at 18) and Central Bank asserts Missouri law governs its request. (Doc. 79 at 5.) The Court applies Missouri law. (*See* Doc. 60 at 6 (applying Missouri law to the loan documents)).

"[A]ttorneys' fees may be awarded when they are provided for in a contract." *Terpstra v. State*, 565 S.W.3d 229, 250 (Mo. Ct. App. 2019). The starting point for determining a reasonable attorneys' fee is the "lodestar." *Id.* "The lodestar 'is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate.'" *Id.* (citation omitted). Factors that may be considered in determining a reasonable attorneys' fees award include the following:

> the rates customarily charged by the attorney in the case and other attorneys in the community for similar services; the number of hours reasonably expended on the

>litigation; the nature and character of services rendered; the degree of skill required; the nature and importance of the subject matter of the litigation; the amount involved or result achieved; and the vigor of the opposition.

*Id.*

Here, Central Bank's original motion requested $658,807 for 1,157.10 total hours worked at an average hourly rate of $486.58. (Doc. 79-1 at 3.) After consulting with Nueterra, Central Bank reduced its request by $1,357 because it "determined that one billing entry should be struck in its entirety as it was billed to the incorrect file." (Doc. 82 ¶ 6.) The primary attorneys on this case were Partner Brian Holland billing at $590 to $675 an hour and Partner Benjamin Struby billing at $450 to $495 an hour. Considering what attorneys in the community charge for similar services, the court notes that Holland's rate seems quite high for the Kansas City market. *See* Scott Lauck, *Welcome to Billing Rates 2022*, Missouri Lawyers Media (Nov. 21, 2022), https://molawyersmedia.com/2022/11/21/welcome-to-billing-rates-2022/ (finding the median partner rate in Kansas City was $488 an hour from a pool of 73 attorneys). And Central Bank provides precious little analysis of the lodestar to justify its billing rates. But having reviewed counsel's billing records and Struby's declaration, the court recognizes that this was a fairly high-stakes case with a contested summary judgment motion. And Central Bank's counsel gained a favorable result at summary judgment. Moreover, Nueterra has failed to object to either the rate or hours requested by Central Bank. The Court thus finds $657,450 is a reasonable award for attorneys' fees in this case.[2]

Regarding costs, Central Bank's costs came from (1) title and lien searches related to the collateral which acted as security for the note, (2) costs associated with litigation support and data

---

[2] This amount is the original $658,807 requested minus the $1,357 that was charged in error.

storage, and (3) court fees and costs. (Doc. 79-1 ¶ 8.) Given the nature of this case, the court finds awarding Central Bank $7,025.97 in costs is appropriate.

### B. Nueterra's Motion for Attorneys' Fees and Bill of Costs

#### 1. Costs

Nueterra's bill of costs seeks $1,207.61. (Doc. 76.) Nueterra incurred $795.91 for service of summons. (*Id.* at 1; Doc. 77 at 1-2.) Nueterra incurred $411.70 in making necessary copies. (Doc. 76 at 1.) Under 19 U.S.C. § 1920, the court may tax as costs clerk and marshal fees "and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." *Id.* (1), (4). The Court thus finds that it is appropriate to award Nueterra its costs.[3]

#### 2. Attorneys' Fees

Nueterra seeks attorneys' fees based on its status as a third-party beneficiary of Platinum's stock purchase agreement. (Doc. 75 at 3.) The stock purchase agreement is governed by Texas law, (Doc. 75-1 at 11.), and Nueterra claims Texas law applies to its request for attorneys' fees. (Doc. 75 at 4.) The Court applies Texas law.

A party may recover attorneys' fees incurred defending indemnified claims even when such costs are not specifically covered by the indemnity agreement. *Tubb v. Bartlett*, 862 S.W.2d 740, 751 (Tex. Ct. App. 1993); *see also English v. BGP Int'l, Inc.*, 174 S.W.3d 366, 370 (Tex. Ct. App. 2005) ("Generally, when parties include an indemnity provision in a contract, the duty to indemnify includes the duty to pay for all costs and expenses associated with defending suits against the indemnitee.") Texas courts follow a lodestar method that finds an attorneys' fee request

---

[3] The Court finds good cause to excuse Nueterra from Local Rule 54.1's requirement that a party make a reasonable effort to confer with opposing counsel over any disputes about costs because Platinum has never entered an appearance in this case. *See Townley v. Servicemaster Co.*, No. 17-2430-DDC-JPO, 2017 WL 5517948, at *1 (D. Kan. Nov. 17, 2017) (excusing the plaintiff from conferring with defendants who never entered appearances in the Rule 54.2 context).

presumptively reasonable based off the "reasonable hours spent by counsel in the case and a reasonable hourly rate for such work." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 501 (Tex. 2019). Sufficient evidence to support a request for reasonable attorneys' fees "includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services."

Here, Nueterra succeeded on its claims for breach of contract and for indemnity by gaining a default judgment against Platinum. (Docs. 72, 73.) Nueterra provides evidence of the services counsel performed, which professionals performed those services and when, and the amount of time and rate at which counsel provided those services by providing counsel's billing records. (Doc. 75-1 at 30-89.) Nueterra also provides a detailed affidavit from lead attorney Matthew Stromberg outlining the specific tasks performed by counsel, the experience of Nueterra's three primary attorneys, and attesting that monthly billing reviews have removed unnecessary, irrelevant, and duplicative billing entries from the attorneys' fees request. (*Id.* at 1–9.)

Nueterra's counsel seeks compensation for 653.90 hours and requests a $247,215 fee award. (*See id.* at 88.) The rates for counsel were $365 to $505 for partners, $255 to $320 for associates, and $185 to $195 per hour for paralegals. (*Id.* at 89.)[4] The court finds that the hours and rates are reasonable based on its experience with what similarly situated attorneys have been awarded for complex commercial litigation, and it grants Nueterra's motion for attorneys' fees.[5]

---

[4] The attorney summary report shows work by a partner who bills at a rate of $575, but it appears that counsel never billed the work by this partner. (*See* Doc. 75-1 at 82–83, 89.)

[5] Nueterra is excused from having to confer with opposing counsel because Platinum has not entered an appearance in this case. *Townley*, 2017 WL 5517948, at *1.

IV.   **Conclusion**

Central Bank's motion for attorneys' fees and costs (Doc. 78) is GRANTED. The Court awards Central Bank $657,450 in attorneys' fees and $7,025.97 in costs. Nueterra is directed to tender payment to Central Bank two weeks from the date of this order and shall file a notice of compliance upon making the payment.

Nueterra's motions for attorneys' fees and costs (Docs. 74, 76) are GRANTED. Nueterra is awarded $247,215 in attorneys' fees and $1,207.61 in costs.

IT IS SO ORDERED.

Dated: September 21, 2023          /s/John W. Broomes
                                   JOHN W. BROOMES
                                   UNITED STATES DISTRICT JUDGE

7